IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA FOR )<br>THE USE OF NAILS AND STAPLES, )<br>INC., D/B/A EXPRESS INTERIORS )<br>    Plaintiff, )<br>v. )<br>)<br>DIRECT STEEL, AND TRAVELERS )<br>CASUALTY AND SURETY COMPANY )<br>OF AMERICA, )<br>)<br>    Defendants. ) | Civil Action No. 6:24-cv-00255-ADA-DTG |

**DIRECT STEEL, LLC AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S JOINT MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF ILLINOIS AND BRIEF IN SUPPORT THEREOF**

NOW COMES Defendants, DIRECT STEEL, LLC ("Direct Steel") and Travelers Casualty and Surety Company of America ("Travelers") (collectively "Defendants") by and through their attorneys Murphy Legal, and pursuant to 28 U.S.C. §1404(a), move this Honorable Court to transfer venue to the United States District Court for the Northern District of Illinois. In support thereof, Defendants state as follows:

**Introduction**

1. The contract in this matter contains a mandatory forum-selection clause identifying, *inter alia*, the United States District Court for the Northern District of Illinois as the forum for any disputes. Plaintiff is bound to the forum-selection clause in the contract. Given the strong consideration the Court must give to a forum-selection clause, this Court should transfer this matter to the United States District Court for the Northern District of Illinois. Nothing in the Miller Act precludes a transfer to the Northern District of Illinois. In fact, the forum selection clause in the parties' contract supersedes the venue provision of the Miller Act and must be enforced. *See In re*

*Fireman's Fund Ins. Companies, Inc.*, 588 F.2d 93, 95 (5th Cir. 1979). Accordingly, this Court should transfer this case to the parties' selected forum, the United States District Court for the Northern District of Illinois.

## Background

2. This matter arises out of a construction project located in Fort Hood, Texas, known as the Supply Support Activity (SSA) Warehouse (the "Project"). Direct Steel is the general contractor for the Project. On December 21, 2020, Direct Steel contracted with Express Interiors to provide labor and material to perform certain framing, carpentry, partition, ceiling, and other interior work on the Project (the "Subcontract"). *See* the Subcontract attached hereto as <u>Exhibit 1</u>. On December 10, 2020, Direct Steel procured a payment bond with Travelers ("Payment Bond").

3. The Subcontract contains a mandatory forum selection clause. The forum selection clause states, in relevant part:

> Law and Effect. This Subcontract Agreement shall be governed by the internal laws of the State of Illinois without regard to its conflict of law provisions. **The Subcontractor hereby irrevocably: (i) consents to accept service of process, and (ii) both consents to, and submits to, the jurisdiction of any Court within the Circuit Court for the 22nd Judicial Circuit, McHenry County, Illinois, or any Court within the United States District Court for the Northern District of Illinois, and any action or proceeding arising out of, under, or in connection with or in relation to this Subcontract Agreement, including, without limitation, controversies, claims, and/or disputes ("Dispute") shall be brought in such jurisdictions.**

<u>Exhibit 1</u>, pp. 20-21 (emphasis in original).

4. On May 14, 2024, Express Interiors filed its complaint asserting a claim under the Miller Act and a claim for breach of contract. *See* Dkt. 1. Express Interiors disregarded the forum selection clause when it filed its complaint. Accordingly, this court should transfer this matter to the agreed-to forum in the Northern District of Illinois.

**Argument**

I. **This Court Should Enforce the Forum Selection Provision in the Subcontract Specifying the Forum to Litigate any Disputes and Transfer This Case.**

5.  A motion to transfer venue is appropriate when there is a mandatory forum-selection clause. *Atlantic Marine Const. Co. v. U.S. Dist. Court for Western Dist. Of Texas*, 571 U.S. 49, 62, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013). Here, there is a mandatory forum-selection clause that should be enforced. "[A] valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." *Id*. at 63. In considering a motion to transfer venue based on a forum-selection clause, "the plaintiff's choice of forum merits no weight." *Id*. Plaintiffs have the burden of establishing that the transfer to the forum set out in the arbitration agreement is unwarranted. *Id*. Further, the Court should not consider any arguments about the parties' private-interest factors. *Id*. The Court can only consider public-interest factors and "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that *forum-selection clauses should control except in unusual cases*." *Id*. at 64 (emphasis added).

6.  In this case, the public interest factors do not defeat a transfer. "The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Lamotte v. Murgic*, No. SA-21-CV-00034-XR, 2021 WL 6617720, at *1 (W.D. Tex. Feb. 11, 2021). Here, there are no administrative difficulties arising from court congestion. Further, because the Project giving rise to this matter is a federal government project, there is no significant local interest in maintaining this case in Texas. This Court has not addressed or considered any of the substantive issues in this litigation and has no different knowledge than

the selected forum. The Subcontract includes a choice-of-law provision that provides for the application of Illinois law. So, the Northern District of Illinois has familiarity with the law that will govern this case. Finally, there are no issues or problems with conflict of laws. Accordingly, the public interest factors do not defeat the forum-selection clause, and this matter should be transferred to the United States District Court for the Northern District of Illinois as specified in the Subcontract

**B.     The Miller Act Does Not Preclude a Transfer to the Northern District of Illinois.**

7.     The Miller Act's venue provision is not jurisdictional and a venue selection provision in the Subcontract supersedes the Miller Act venue provision. "The Miller Act venue provision exists for the convenience of the parties. Such a provision is subject to variation by their agreement." *In re Fireman's Fund Ins. Companies, Inc.*, 588 F.2d 93, 95 (5th Cir. 1979); *see also U.S. for Use of B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1117 (10th Cir. 1995) ("a valid forum selection clause supersedes the Miller Act's venue provision.") The Fifth Circuit in *Fireman's Fund* affirmed the transfer of a Miller Act case to the venue specified in a forum selection clause. *Id*. In this case, there is a valid forum-selection clause mandating that all disputes be brought in the Northern District of Illinois. This Court should enforce the Subcontract and order transfer of this case to the Northern District of Illinois.

## Conclusion

For the foregoing reasons, Defendants, Direct Steel, LLC and Travelers Casualty and Surety Company of America respectfully request that this Court grant their Motion to Transfer Venue transfer to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

**MURPHY LEGAL**

*/s/ Paul W. Murphy*
Paul W. Murphy
State Bar No.: 24027561
Jason E. Kipness
State Bar No.: 24007493
3008 Barron Road
College Station, Texas 77845
(979) 690-0800 Telephone
(979) 690-0808 Telecopier
E-mail: e-serve@murphylegal.com
**ATTORNEYS FOR DEFENDANTS
DIRECT STEEL, LLC AND
TRAVELERS CASUALTY AND
SURETY COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that the above document has been served on counsel and parties named below via certified mail, return receipt requested; first-class mail; commercial delivery service; fax; email; electronic filing; or by such other manner as the Court in its discretion may direct in accordance with ECF on this the 3rd day of June 2024.

*VIA ECF:*
Elliot J. Kudisch
Andrews Myers, P.C.
1885 Saint James Place, 15th Floor
Houston, TX 77056

*/s/ Paul W. Murphy*
PAUL W. MURPHY